IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GREENWAY EQUIPMENT SALES, INC.,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **ERC SPECIALISTS, LLC,** *et al.***,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:24-CV-773-DAK-DBP <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants ERC Specialists, LLC, Mark Sullivan, Justin Atkinson, Josh Zieglowsky, Jacob Davis, Chandler Chavis, Geri Bohn, and Rocky Crofts' ("ERCS Defendants") Motion to Dismiss [ECF No. 46] and Defendants Tax Rebate Specialists, Nicholas Patterson, and Robert Utter's ("TRS Defendants") Motion to Dismiss [ECF No. 47]. On September 12, 2025, the court held a hearing on the Motion to Dismiss. At the hearing, Plaintiff Greenway Equipment Sales, Inc. was represented by Janine M. Campanaro, ERCS Defendants were represented by Scarlet R. Smith, and TRS Defendants were represented by Ruth Hackford-Peer. The court took the motions under advisement. After considering the parties' arguments and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") enacted in March of 2020 provided for an employee retention tax credit ("ERTC") designed to encourage businesses to keep employees on their payroll during the global COVID pandemic. 15 U.S.C. Ch.

1

116. The ERTC is a refundable tax credit for certain eligible businesses impacted during the pandemic. Subsequent legislation, specifically The Taxpayer Certainty and Disaster Tax Relief Act of 2020 and the American Rescue Plan Act, modified and extended the ERTC. *See* 26 U.S.C. § 3134; Pub. L. 117-2. For a time, businesses could claim an ERTC retroactively through the Internal Revenue Service ("IRS"). However, businesses are no longer able to claim an ERTC.

Defendant Tax Rebate Specialists ("TRS"), which is run by Defendants Robert Utter and Michael Patterson, approached Plaintiff Greenway Equipment Sales ("Greenway") about applying for the ERTC. Greenway is a wholesaler of John Deere equipment. TRS referred Greenway to ERC Specialists ("ERCS") for assistance with applying for the ERTC through the IRS. Greenway alleges that TRS marketed ERCS as a company that aids businesses in qualifying for and maximizing CARES Act-related tax credits. TRS would receive payment from ERCS for the referral. Therefore, Greenway alleges that TRS had an incentive to maximize total credit values rather than exercising caution when considering qualifications or a referral.

Defendants provided an online intake questionnaire for Greenway to complete regarding its potential eligibility for obtaining ERTC. Greenway alleges that the responses provided were insufficient for determining a valid ERTC claim. Greenway further alleges that ERCS showed a pattern of inconsistently describing the complexities of the ERTC and the surrounding tax code.

Nonetheless, Greenway decided to apply for the ERTC using ERCS. In September 2022, Greenway entered into a contract with ERCS to file the necessary documents with the IRS for Greenway to apply for the ERTC. Under that Services Agreement, Greenway agreed to pay ERCS 10% of the expected tax credit, and ERCS agreed to file for the credit. The Services Agreement also provided that if "during the discovery effort it is determined that no credit can reasonably be qualified for under the law or the Internal Revenue Service ("IRS") withholds claimed funds, no

fee will be charged, and any deposits will be returned." But the Services Agreement also stated that "[i]n the event the Internal Revenue Service disqualifies all, or a portion of any credits after they are received by client, ERC Specialists shall not be required to return the fee charged for services provided." TRS was not a party to that contract.

Based on the parties' estimation of the ERTC Greenway would receive, Greenway paid ERCS $72,965.70 for ERCS to file for the tax credit on Greenway's behalf. Greenway alleges that Defendants never conducted any meaningful analysis of Greenway's eligibility to receive, or basis for receiving, the ERTC. Greenway's responses to the ERCS survey noted that it had no decline in gross revenue for any of the relevant quarters as well as no full suspension of business due to a government order during the COVID pandemic. Greenway asked ERCS for an explanation of how it qualified for the ERTC, but did not receive one prior to signing the Agreement with ERCS. Greenway further alleges that the ERCS representative did not provide a breakdown of how qualification was determined until after Greenway signed the Agreement.

The Services Agreements provides that:

> EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS SECTION, NEITHER ERC SPECIALISTS NOR ANY OTHER PERSON ON ERC SPECIALISTS' BEHALF, HAS MADE OR MAKES ANY EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY, EITHER ORAL OR WRITTEN, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE, TRADE OR OTHERWISE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED AND CLIENT ACKNOWLEDGES THAT IS HAS NOT RELIED UPON ANY REPRESENTATION OR WARRANTY MADE BY ERC SPECIALISTS OR ANY OTHER PERSON ON ERC SPECIALIATS BEHALF, EXCEPT AS SPECIFICALLY PROVIDED IN THIS SECTION.

ERCS qualified Greenway for ERTC for Quarters 2-4 of 2020 and Quarters 1-3 of 2021. To claim ERTC, taxpayers must file an amended Form 941. ERCS filed this Form for Greenway, and the IRS approved the tax credit. Greenway received $729,657 in ERTC from the IRS.

However, Greenway claims that ERCS misled it into believing it qualified for the ERTC.

Greenway subsequently met with a third-party consultant who determined that Greenway did not qualify for the ERTC. Based on that third-party determination, Greenway applied for the Voluntary Disclosure Program ("VDP") with the IRS. Greenway was accepted into the VDP on December 3, 2024, and complied with its requirements. As a participant in the VDP, Greenway agreed to voluntarily pay back 80% of the ERTC it received and keep 20% of the ERTC it obtained. In return, the IRS agreed it would not audit Greenway for its employment tax filings.

Greenway paid ERCS $72,965.70 to receive approximately $729,657 in ERTC from the IRS. After voluntarily participating in the IRS's VDP program, Greenway was allowed to keep $145,931 of the ERTC. Therefore, after voluntarily returning 80% of the ERTC, and receiving the IRS' concession that it would not audit Greenway for its employment tax filings, Greenway netted $72,965. Greenway then filed this action against ERCS, Mark Sullivan, Justin Atkinson, Josh Zieglowsky, Jacob Davis, Chandler Chavis, Geri Bohn, and Rocky Crofts (ERCS Defendants") and TRS, Nicholas Patterson, and Robert Utter ("TRS Defendants") for damages associated with the filing and receipt of the ERTC.

## DISCUSSION

### Defendants' Motions to Dismiss

The ERCS Defendants and the TRS Defendants have both moved to dismiss Greenway's Complaint for lack of Article III standing because Greenway has not alleged a legally cognizable injury. The two groups of Defendants filed separate motions but joined in the other's arguments and incorporated the other's arguments into their own motion.

"Under Article III, federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Lack of constitutional standing is a jurisdictional issue to be raised under Federal Rule of Civil Procedure 12(b)(1). *VR Acquisitions,*

4

*LLC v. Wasatch Cnty*, 853 F.3d 1142, 1147 n.4 (10th Cir. 2017). For a federal court to exercise jurisdiction over an action, "the party bringing the suit must establish standing." *The Wilderness Soc. v. Kane Cnty*, 632 F.3d 1162, 1168 (10th Cir. 2011).

"[T]o establish standing. A plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* (citation and internal quotation marks omitted).

"[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional harms, such as physical harms and monetary harms." *Id.* at 425. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For standing purposes, "an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *TransUnion*, 594 U.S. at 426. "[A]n injury in law is not an injury in fact." *Id.* An injured plaintiff who sues to ensure compliance with a federal law to obtain money via the statutory damages provision is not seeking remedy of any harm to herself. Under that scenario, Article III standing does not exist.

Here, Greenway seeks to obtain the damages permitted under the RICO statute and other Utah statutes for Defendants' alleged misrepresentations to it in relation to the ERTC application process. As the party invoking federal jurisdiction, Greenway has the burden of establishing standing. But even if Greenway's claims are valid, Greenway has not alleged an injury in fact

because it has failed to allege a concrete injury that is actual or imminent.

Greenway alleges that it paid thousands of dollars to ERCS to assist in filing for the tax credit. That money, however, does not form the basis for an injury. The Services Agreement set out the parties' expectations and obligations. In relevant part, Greenway promised to provide correct information to ERCS and that it would not rely on ERCS's representations about the tax credit. The Services Agreement also states that ERCS would not be liable for incidental or consequential damages: "ERC Specialists' liability under this agreement is limited to actual direct damages and is limited to the amount ERC Specialists received from client." ERCS completed the Form 941-X, using information Greenway provided to it, and obtained the ERTC on behalf of Greenway. ERCS performed the work it set out to do, and Greenway received the credit. Greenway received a substantial sum of money in ERTC and, therefore, received the benefit it bargained for under the Services Agreement. Greenway suffered no penalties in receiving the credit.

Greenway claims to be injured because it was afraid of the IRS reassessing whether it was actually eligible for the ERTC. But the parties addressed such a situation in the Services Agreement. Greenway agreed that if the IRS determined that it was not eligible, ERCS would still obtain the money Greenway had paid it to assist with the application. Greenway agreed in the Services Agreement that "ERCS shall not be required to return the fee charged for services provided" if the IRS disqualifies any credit. Greenway's decision to return the credit voluntarily because it feared the credit would be disqualified is the same as the credit being disqualified. Neither scenario permits Greenway to recoup the fee it paid ERTC to apply for the ERTC on its behalf. Greenway makes no allegation about the possible penalties or the basis for the penalty it was trying to avoid. Greenway does not allege that the IRS ever contacted it about reassessing its

eligibility for the ERTC. Greenway does not allege that the IRS attempted to claw back the tax credit, that the IRS audited the filing, or that the IRS issued penalties related to the tax credit. To the contrary, Greenway admits it avoided all these hypothetically potential penalties.

By returning the tax credit to the IRS and participating in the VDP program, Greenway obtained several benefits, such as only needing to repay 80% of the credit it received and not needing to repay interest the IRS may have paid on the ERTC refund claim. The IRS did not charge employers interest or penalties on any credits if they repaid 80%. The IRS allowed Greenway to retain 20% of the tax credit because of fees it may have incurred in the filing for the credit through a service like ERCS. However, in Greenway's case, it had only paid ERCS 10%, not 20%. Greenway voluntarily chose to participate in the IRS' VDP program and return 80% of the funds to the IRS. With such participation, Greenway still financially benefitted by retaining 10% of the total credit it received from ERCS's services. Even after accounting for the fees Greenway paid to ERCS, Greenway has come out net positive. Greenway claims it is harmed by a hypothetical or potential IRS audit or claw back, but participation in the VDP generally protects the participant from an audit or claw back. That kind of speculative harm is not concrete or imminent.

Greenway also alleges it was "financially injured by having to retain a separate and professional tax consulting firm" and "by having to retain counsel to assist them in the filing of this suit." The costs of retaining a CPA or consulting an attorney to determine whether it was eligible for the tax credit were anticipated in the parties' agreement. The Services Agreement states that Greenway was not relying on any of ERCS's representations about eligibility. In addition, to the extent that those costs were in preparation for this litigation, they are not the type of injury that can provide standing. Costs of litigation cannot provide standing for bringing a lawsuit, otherwise a

party could always manufacture standing merely by inflicting harm on themselves. A party cannot "manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Interntl. USA*, 568 U.S. 398, 416 (2013). "If the law were otherwise, an enterprising plaintiff would be able to secure a lower standard for Article III standing simply by making an expenditure based on a nonparanoid fear." *Id.*

The court concludes that the allegations in the Complaint make clear that Greenway suffered no concrete injury. Even if there was fraud or misrepresentation, Greenway is net positive through this process. It obtained money it alleges it was not entitled to receive. Therefore, "Defendant's retention of a portion of that money cannot constitute a financial injury to Plaintiff." *Tri-Cities Restoration LLC v. ERC Specialists, LLC*, Case No. 2:24-cv-00816-RJS-DBP, 2025 WL 2050096, 5 (D. Utah July 22, 2025). As the party invoking federal jurisdiction, Greenway has not met its burden of demonstrating that it has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Therefore, Greenway has failed to demonstrate an injury in fact based on Defendants' alleged statutory violations. Without standing, the court does not have jurisdiction to hear Greenway's RICO claim. Moreover, without standing to support a RICO claim, the court must decline to exercise supplemental jurisdiction over Greenway's state law claims. Accordingly, the court dismisses Greenway's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing.[1]

## CONCLUSION

Based on the above reasoning, Defendants ERC Specialists, LLC, Mark Sullivan, Justin Atkinson, Josh Zieglowsky, Jacob Davis, Chandler Chavis, Geri Bohn, and Rocky Crofts' Motion

---

[1] Because the court has found a lack of standing, it will not address the motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).

to Dismiss [ECF No. 46] is GRANTED for lack of standing on the federal RICO claim and lack of supplemental jurisdiction over the state law claims. Defendants Tax Rebate Specialists, Nicholas Patterson, and Robert Utter's Motion to Dismiss [ECF No. 47] is similarly GRANTED for lack of standing on the federal RICO claim and lack of supplemental jurisdiction over the state law claims.

DATED this 8th day of October 2025.

BY THE COURT:

_____
DALE A. KIMBALL
UNITED STATES DISTRICT JUDGE