**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **GREENWAY EQUIPMENT SALES,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ERC SPECIALISTS, LLC, *et al.*,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-CV-773-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Joint Motion for Attorney Fees [ECF No. 63]. The court does not believe that a hearing would significantly aid in its determination of this motion. The court, therefore, issues the following Memorandum Decision and Order based on the parties' submissions and the relevant facts and law.

**DISCUSSION**

Plaintiff brought this action against Defendants, alleging a federal RICO cause of action and state law claims for violations of the Utah Pattern of Unlawful Activity Act and Utah Truth in Advertising Act. The court granted Defendants' motions to dismiss the federal RICO cause of action for lack of standing and declined to exercise supplemental jurisdiction over the state law causes of action. Defendants now move for attorney fees under the contract between Plaintiff and the ERCS Defendants and as the prevailing parties under Utah Code Ann. § 13-11a-4(1)(c) and § 76-17-403(8). Under Utah law, "a party may generally recover attorney fees only when provided for by statute or contract—the so-called American Rule." *USA Power, LLC v. PacificCorp*, 2016 UT 20, ¶ 93.

1. **Attorney Fees Under Contract**

"If the legal right to attorney fees is established by contract, Utah law requires the court to apply the contractual attorney fee provision strictly with the contract's terms." *Express Recovery Servs. v. Olson*, 2017 UT App 71, ¶ 8.

In this case, Plaintiff entered into a Services Agreement with ERCS for assistance in applying for ERC tax credits. Section 13 of the Services Agreement states that "[i]n any action to interpret or enforce the terms of this Agreement, whether in law or in equity, the prevailing party shall be entitled to recover its reasonable attorney fees and out-of-pocket cists incurred in connection with such action."

Defendants argue that this contractual provision broadly applies to any litigation in connection with its terms or in which the meaning, scope, or effect of the Services Agreement must be adjudicated. However, the phrase " in connection" applies to "attorney fees and out-of-pocket costs incurred in connection with such action." The phrase "with such action" refers to the first part of the provision, which applies to "any action to interpret or enforce the terms of the Agreement." Therefore, the contract terms are much narrower than Defendants claim. Under the contract, attorney fees are available in an action to interpret or enforce the terms of the Agreement. The cases Defendants rely on that had much broader contractual attorney fees provisions that applied to actions "arising out of, based on, or related to the contract" do not apply in this case. Under Utah law, the court must apply the contractual provision strictly with the contract's terms.

The present case was not to enforce the terms of the Agreement. Plaintiff did not bring a breach of contract action. The issue, therefore, is whether Plaintiff's RICO cause of action required the court to interpret the terms of the Agreement. While the court reviewed the contract to understand the relationship between the parties and to understand the context in which Plaintiff's

RICO claim arose, the court did not need to interpret the contract to determine that Plaintiff lacked standing to bring the claim. On the motion to dismiss, it was undisputed that Plaintiff paid ERCS a certain sum, received a certain sum ERC tax credits, and was entitled to retain a certain sum when it repaid the tax credits it received to the IRS. The court did not need to interpret any disputed term in the Services Agreement in relation to those facts. Because Plaintiff was allowed to retain more money than it had paid to ERCS, Plaintiff ended up net positive, suffered no injury, and lacked standing. The Services Agreement was related to the RICO claim, but its attorney fees provision was not written broadly enough to apply to actions relating to or arising out of the agreement. The court, therefore, concludes that terms of the Services Agreement do not provide Defendants with a basis for obtaining attorney fees. Because ERCS is not entitled to attorney fees under its contract with Plaintiff, neither is TRS.

2. **Utah Statutory Basis for Attorney Fees**

Defendants also rely on Utah Code Ann. § 13-11a-4(1)(c) and § 76-17-403(8) for an award of attorney fees. Both the Utah Pattern of Unlawful Activities Act and Utah Truth in Advertising Act provide for prevailing party attorney fees. *Id.* The determination of which party, if any, is the "prevailing party" depends largely on the context of the case. *Anderson & Karrenberg v. Warnick*, 2012 UT App 275 ¶ 11. "To be a prevailing party, a party 'must obtain at least some relief on the merits of the party's claim." *Ault v. Holden*, 2002 UT 33, ¶ 48. "A party is not a prevailing party until after a determination on the merits is made by either a jury or a trial court judge." *J.V. Hatch Constr., Inc. v. Kampros*, 971 P.2d 8, 13 (Utah Ct. App. 1998).

In this case, the court dismissed the federal RICO claim for lack of standing and declined to exercise supplemental jurisdiction over the two state law claims. While Defendants obtained dismissal of all the claims in this court, Plaintiff could refile the state law claims in state court.

Having declined the exercise jurisdiction over those state law claims, the court does not believe it can declare Defendants the prevailing parties under those statutes for purposes of awarding attorney fees. Accordingly, the court denies Defendants' motion for attorney fees.

**CONCLUSION**

Based on the above reasoning, Defendants' Joint Motion for Attorney Fees [ECF No. 63] is DENIED.

DATED this 17th day of August 2026.

BY THE COURT:

DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE